UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DAVID GORDON OPPENHEIMER,** §<br>Plaintiff,  §<br>  §<br>v.  §<br>  §<br>**ANTHONY A. NGUYEN, DBA** §<br>**MONEY HUSTLER BLOG, and** §<br>**LOP, INC.,** §<br>Defendants.  § | CA No. _____<br><br><br><br><br><br><br><br>**JURY DEMANDED** |

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, Anthony A. Nguyen, d/b/a Money Hustler Blog ("Nguyen") and LOP, Inc. ("LOP," AND collectively, "Defendants"), alleges:

### JURISDICTION/VENUE

1. Plaintiff's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. §1400(a) and 28 U.S.C. §1391(b) and (c).

### THE PARTIES

3. Plaintiff is a citizen of North Carolina engaged in the business of creating and licensing photographs, and he resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Nguyen is an individual who will receive actual notice of this Complaint by service upon him at 2654 Provencial Lane, Richardson, Texas 75080-1673 or wherever he may be found.

5. LOP is a Texas corporation and will receive actual notice of this Complaint by service upon its Director and President, Anthony A. Nguyen, 2654 Provencial Lane, Richardson, Dallas County, Texas, or at 600 West Campbell Road, Suite 5, Richardson, Dallas County, Texas 75080, or wherever it may be found.

## INTRODUCTORY FACTS

6. Plaintiff is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all rights, titles, and interests in and to the copyrights in the original photograph at issue in this matter (the "Work" **Exhibit 1**).

7. Plaintiff makes his photographic works available for perusal and licensing online at his website https://performanceimpressions.com.

8. Plaintiff has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificates of registration and the relevant deposit photograph for the Work at issue for the registration certificate entitled *"2016 Summer Travel Photographs by David Oppenheimer"* and which bears certificate number VAu 1-259-743.

9. Plaintiff's copyrights in the above-described Work are presently valid and subsisting, were valid and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

10. For many years, it has been Plaintiff's custom and business practice to display his copyright management information ("CMI") on the lower right corner of the face of his photographs *and* within the metadata of the digital versions of his photographs when they are first published by him, and thereafter. Plaintiff does this to distinguish his works from others, as well as to ensure that people who view his photographs appreciate that he owns all rights and title to them, and so that potential licensees know how to contact him to acquire licenses. Because his livelihood is based on the photographs that he creates and licenses to law-abiding customers, this labeling process is necessary to prevent increasingly wide-spread pirating of his photographs, and ultimately the devaluation and/or complete dilution of his intellectual property. When published by Plaintiff, the Work at issue in this case prominently displayed his CMI with a facial watermark and embedded in the metadata of the Work. Thus, Defendants were on notice that the Work was protected by copyright.

11. Fewer than three (3) years before this filing, Plaintiff discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by copying and distributing (or directing others to do so) the Work ostensibly for the purpose of soliciting customers to use their services as well as to advertise and market Defendants' business in general. While the full nature and extent of Defendants' infringing activities are not currently known, Plaintiff discovered it on/at this URL:

https://www.hustlermoneyblog.com/tiaa-bank-review-best-account-for-you.

12. Upon information and belief, one or more of the Defendants, or someone at their direction or on their behalf, located and accessed Plaintiff's Work on his website, https://www.performanceimpressions.com, or elsewhere through a Google image search, scraped and downloaded the image, removed his CMI, and then uploaded it to the Defendants' website without Plaintiff's CMI, as shown on **Exhibit 3**.

13. In January 2022, Plaintiff's attorney sent a formal letter identifying the infringing URL and demanded that Defendants cease and desist from their ongoing infringements. The letter also sought information about such things as the uses to which the Work had been put (**Exhibit 4**). After repeated demands that the Defendants provide information about their infringing uses, it became clear that they were uninterested in avoiding litigation through a negotiated settlement; so, this filing has become necessary.

## CAUSES OF ACTION
## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

14. Plaintiff re-alleges and incorporates paragraphs 1 – 13 above as if recited *verbatim*.

15. One or more of the Defendants have non-willfully infringed Plaintiff's copyright in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publicly displaying, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violation of Title 17.

16. Upon information and belief, Defendants have benefitted from infringements of the Work, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the work in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth in the Title 17.

## COUNT II
## RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

17. Plaintiff re-alleges and incorporates paragraphs 1 – 13 above as if recited *verbatim*.

18. Alternatively, one or more of the Defendants recklessly/willfully infringed Plaintiff's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publicly displaying, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violation of Title 17.

19. As is his pattern and practice, Plaintiff clearly marked the Work with his CMI on the face of the image, in adjacent captions, as well as within the metadata of the image. Plaintiff's facial CMI includes a "©" or the word "Copyright" on the face of the Work that he published (see **Exhibit 1**). CMI in the metadata includes proper notices of copyright, and notices declaring "All Rights Reserved," in addition to licensing instructions. Plaintiff does this to distinguish his works from others, as well as to ensure that people who view his works – including but not limited to the Work at issue here – appreciate that he owns all rights and title to them.

20. Because Plaintiff's Work at issue in this case, when published, prominently displayed his CMI on the face of the photograph with a watermark, as well as embedded in the metadata of the Work, Defendants were on notice that the Work was copyright protected, yet they infringed the Work anyway.

21. Upon information and belief, one or more of the Defendants, or a third party acting on his/its/their behalf, saw Plaintiff's CMI on the face of the Work prior to scraping it from the World Wide Web.

22. Therefore, because Defendants had the opportunity to appreciate that Plaintiff was the sole author and owner of the Work, but still used it without license or authorization, they have recklessly/willfully infringed the Work.[1]

23. Upon information and belief, the Defendants have benefitted from infringing the Work, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the work in the marketplace. Plaintiff is therefore entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

### COUNT III
### VICARIOUS COPYRIGHT INFRINGEMENT

24. Plaintiff re-alleges and incorporates paragraphs 1-13 above as if recited *verbatim*.

25. Pleading further but without wavier of the foregoing, Plaintiff shows that at the time LOP performed the infringing acts, Defendant Anthony Nguyen was a director and/or President of LOP.

26. Upon information and belief, Nguyen controlled nearly all decisions of LOP, Inc., and was the dominant influence of the company. Nguyen provided hands-on decision making with respect to the activities of LOP -— making most of the decisions of the company. Nguyen had the right and ability to supervise and/or regulate the infringing conduct of LOP, and/or stop the infringements once they began. Upon information and belief, as the Director and President of LOP, Nguyen had an obvious financial interest in, and/or he received benefit(s) from these infringing

---

[1] Additionally, LOP and Nguyen apparently infringe with impunity (see **Exhibit 5**, Notice by GC to Hustler Blog).

activities of LOP. Accordingly, Nguyen is personally liable to Plaintiff as a joint, and/or contributory infringer, or is otherwise vicariously liable for the actions of LOP.

## COUNT IV
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

27. Plaintiff re-alleges and incorporates paragraphs 1 – 13 above as if recited *verbatim*.

28. Alternatively, Defendant Nguyen intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or having refused to exercise his right and/or ability to stop the infringements after they began.

29. On information and belief, Nguyen is the dominant influence in LOP providing hands-on decision making with respect to the activities of the entity and its employees (including but not limited to any third-party web-developers), he set and controlled the company's policies and protocols, and established corporate rules and cultures which allowed the infringing activities to occur, and/or encouraged them. Nguyen therefore had the right and ability to supervise and/or control the infringing conduct of LOP -– and of its employees, agents, and/or servants, including but not limited to third-party web-developers –- and/or to stop the infringement once it began. Thus, Nguyen either refused to exercise such rights, or chose to remain willfully blind to the infringing activities. Additionally, and upon information and belief, Nguyen had a financial interest in the infringing activities of LOP.

30. Accordingly, Nguyen is liable for the infringing activities of LOP as a contributory infringer.

## COUNT V -- VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT

31. Oppenheimer re-alleges and incorporates paragraphs 1 – 13 above as if recited *verbatim*.

32. As is his pattern and practice, Plaintiff clearly marked copies of the Work with his CMI on the face of the images, in legible captions just below the image, and within the metadata of the image. Plaintiff's facial CMI includes a "©" or the word "Copyright" in the lower right corner of works he publishes; CMI in the metadata always includes proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions, Plaintiff's address, phone number, email, and the Performance Impressions website URL. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view his Works appreciate that he owns all rights and title to them. On information and belief, one or both of the Defendants, or third parties at their direction and behest (discovery will reveal which), violated the DMCA by removing Plaintiff's CMI.

33. In accomplishing the infringements identified above, and upon information and belief, Defendants (or a third party on behalf of Defendants) intentionally removed and/or cropped-off the CMI from the face of Oppenheimer's Work.

34. Upon information and belief, Defendants (or a third party on behalf of Defendants) distributed copies and/or derivatives of Plaintiff's Work knowing that such CMI had been cropped-off the face of it or had been otherwise removed, all without authorization.

35. At the time that Plaintiff's CMI was cropped-off or otherwise removed from his Work, and at the time the Work was distributed having had its CMI cropped-off or removed, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Plaintiff's copyrights.

36. Oppenheimer is entitled to and seeks recovery of statutory damages from Defendants not less than $2,500, and not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. §1203(c)(3)(B).

37. Pursuant to 17 U.S.C. §1203(b)(5), Oppenheimer is entitled to recover, and therefore seeks the recovery of his Lodestar costs, including reasonable attorney's fees.

## CAUSATION/DAMAGES

38. As a result of the above-described acts of copyright infringement, Plaintiff has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages including for the DMCA violations; research time tracking-down and documenting the infringements and infringers, research time tracking-down and emailing and calling the infringers, and attorneys' and paralegals' time trying to amicably resolve the matter, and for the drafting, filing and service of this complaint, citations, waivers of service and related documents.

## **RELIEF REQUESTED**

39. Plaintiff demands an accounting by Defendants of their activities in connection with their infringements of his copyrights in and to the above-described and attached Work, as well as disgorgement of all benefits realized by Defendants through their infringing activities -- including but not limited to profits attributable to the infringing activities.

40. Plaintiff is entitled to recover and therefore seeks the recovery of actual damages, plus all of Defendants' profits attributable to the infringement.

41. Alternatively, and at Plaintiff's post-verdict election, because the Work was registered prior to Defendants' infringements, Plaintiff is entitled to and seeks recovery of statutory damages in the discretion of the Jury, up to but not exceeding $30,000 (Thirty Thousand Dollars) for the infringed Work and if the Jury determines the infringement was committed recklessly or willfully, then Plaintiff is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars) for the infringed Work, plus costs and Lodestar attorney's fees, pursuant to 17 U.S.C. §504(c) and §505.

42. Plaintiff is also entitled to recover, and therefore seeks the recovery of actual damages plus any additional profits and/or benefits realized by Defendants through their violations of the DMCA pursuant to 17 U.S.C. §1203(c)(2).

43. Alternative to actual damages under the DMCA, at Plaintiff's post-verdict election, and pursuant to 17 U.S.C. §1203(c)(3)(B), Plaintiff is entitled to and seeks to recover statutory damages under the DMCA not less than $2,500 and not exceeding $25,000 for each act committed by Defendants in violation of 17 U.S.C. §1202, plus Plaintiff's Lodestar attorney's fees, pursuant to 17 U.S.C. §1203(b)(5).

**PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:**

44. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Plaintiff's copyrights in any manner whatsoever and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

45. That Defendants be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Plaintiff's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of the Defendants;

46. That Defendants provide an accounting of all gains, profits, benefits, and advantages derived by them because of the acts of copyright infringement above described;

47. That Defendants be ordered to pay over to Plaintiff his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. §504(b);

48. In the alternative, and at Plaintiff's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $30,000 *for each* Work infringed pursuant to 17 U.S.C. §504(c)(1), however if the Jury determines that the Defendants recklessly or deliberately infringed, that Defendants then be ordered to pay maximum statutory damages in the amount of $150,000 *for each* Work found to be infringed recklessly or deliberately pursuant to 17 U.S.C. §504(c)(2), or such other amount as the Jury may deem appropriate;

49. That in addition to the above, Defendants be ordered to pay over to Plaintiff actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not taken into account in computing Plaintiff's actual damages – pursuant to 17 U.S.C. §1203(c)(2);

50. That alternative to actual damages under the DMCA, and at Plaintiff's election after verdict, Defendants be: 1) ordered to pay to Plaintiff the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; and 2) permanently enjoined and prohibited from employing, altering, cropping, mutilating or otherwise utilizing Plaintiff's copyrighted image or his copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. §1203(b)(1);

51. That Defendants be ordered to pay to Plaintiff all his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and §505 and 17 U.S.C. §1203(b)(5); *and*

52. That Plaintiff recover judgment for such other and further relief as this court deems just and proper, including maximum pre- and post-judgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

**Date: April 27, 2022**

           **LEJUNE LAW FIRM**

By: *s/ Dana A. LeJune*
**Dana A. LeJune**
Texas Bar: 12188250
NC Bar: 49025
**Scott M. Francis**
Texas Bar: 24088795
1225 North Loop West
Suite 825
Houston, Texas 77008

713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net

**NORTH CAROLINA OFFICE:**
7 Orchard Street
Suite 200
Asheville, NC 28801
828-774-5800 Office
**Attorneys for Plaintiff,**
**David Oppenheimer**