UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DAVID GORDON OPPENHEIMER,** § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **ANTHONY A. NGUYEN, DBA** § <br> **MONEY HUSTLER BLOG, and** § <br> **LOP, INC.,** § <br>   Defendants. § | CA No. 4:22-cv-00358 <br><br><br><br> JURY DEMANDED |

## PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his undersigned counsel, hereby moves the Court to enter default against defendant Anthony A. Nguyen, dba Money Hustler Blog (Nguyen"), and defendant LOP, Inc. (LOP")(collectively, "Defendants").

### INTRODUCTION AND BACKGROUND

Oppenheimer initiated this action against Nguyen and his corporation LOP for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") concerning Oppenheimer's original, copyright-protected photograph (the "Work") [ECF] and Declaration of Dana LeJune [ECF 11-1]. Plaintiff properly served both Defendants with the summons, Complaint, Civil Cover, and all five (5) exhibits [ECF 5-6 and Declaration of LeJune [ECF 11-1]. Nguyen filed what he called an "Original Answer" to the Complaint on May 18, 2022 [ECF 4]. Nguyen filed this "Answer" not only for himself, but also on behalf of the corporate defendant, LOP. See *Id.* Nguyen's filing fails to adhere to Fed. R. Civ. P. 8 and is, in fact, non- responsive. Further, as a non-lawyer, Nguyen is not entitled to represent LOP in this action.

As a result, Nguyen's "Original Answer" should be stricken and because neither Defendant has timely or properly responded to Oppenheimer's Complaint, default should be entered.

## ARGUMENT

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Declaration of Attorney of Record, Dana A. LeJune in Support of Motion for Entry of Clerk's Default ("LeJune Declaration")[ECF 11-1] filed concurrently herewith, demonstrates that on May 5, 2022, Defendants were each served with the Summons and a copy of the Complaint with all exhibits, by personal service to Anthony A. Nguyen on behalf of himself as a named defendant and as registered agent authorized to receive service of process for LOP, Inc. See LeJune Declaration and ECF 5-6.

Although Nguyen filed a document entitled "Defendant's Original Answer" [ECF 4], such instrument did not adhere to the requirements set forth in Fed. R. Civ. P. 8 and failed to adequately respond to Oppenheimer's pleadings.

Rule 8(b) of the Federal Rules of Civil Procedure provides in relevant part that "[i]n responding to a pleading, a party must: . . . (B) admit or deny the allegations asserted against it by an opposing party." Further, "[a] denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). While a party may submit a general denial in response to a complaint if the party in good faith intends to deny all of the allegations of the complaint, the party must otherwise either admit or deny the separate allegations of the complaint. See Fed. R. Civ. P. 8(b)(3).

Here, instead of adhering to Rule 8 as he was obliged to do, Nguyen failed to separately respond to the various allegations set forth in Oppenheimer's Complaint. Nguyen ignored the factual allegations set forth in the Complaint and stated only "I deny all claims made by the defendant Mr. Oppenheimer represented by Mr. LeJune accused me of using the alleged picture of Mr. Oppenheimer." [ECF 4, p. 1]. Nguyen's approach cannot be considered the kind of general denial sanctioned by Fed. R. Civ. P 8(b)(3) because he cannot in good faith deny any of the jurisdictional/venue facts in paragraphs 1 and 2 of the Complaint, nor can he deny the party facts concerning Nguyen and LOP in paragraphs 4 and 5 of the Complaint [ECF 1]. Moreover, Nguyen's "denial" is limited to the allegations that he, individually, "used" the Work, and is silent as to all other allegations. See ECF 4.

Because Nguyen's response does not comport with Fed. R. Civ. P. 8, it should be stricken. Additionally, Nguyen filed the "Original Answer" as a pro se litigant both on his own behalf as an individual defendant and on behalf of the corporate defendant, LOP, Inc. [ECF 4]. It has long been the law of this jurisdiction that a corporate litigant must be represented by a licensed attorney. See *Memon v. Allied Domecq* QSR, 385 F.3d 871, 873 (5 Cir. 2004), citing *Rowland v. California Men's Colony,* 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"); *Southwest Express Co. • ICC,* 670 F.2d 53, 55 (5 Cir. 1982).

Here, Nguyen is not a lawyer. As a result, he is not entitled to represent LOP, Inc. before this Court and may not file pleadings on its behalf. Nguyen's purporting to respond to Oppenheimer's Complaint for LOP is improper and his "Original Answer" should be stricken insofar as it pertains to LOP.

For these reasons, neither Nguyen nor LOP properly responded to Oppenheimer's Complaint and the time for responding has expired. Neither Plaintiff nor the Court has granted Defendants an extension of time to respond to the Complaint. Additionally, Plaintiff is informed and believes that neither of the Defendants are infants or incompetent persons. Plaintiff is informed and believes that the Servicemembers Civil Relief Act does not apply.

As such, entry of default against both Defendants is appropriate and necessary.

## CONCLUSION

WHEREFORE, Plaintiff David Oppenheimer requests that default be entered by the Clerk against Defendants and for such other and further relief as the Court deems just and proper in the premises.

Date: April 26, 2023

By:

**LEJUNE LAW FIRM**
By: /s Dana A. LeJune

**Dana A. LeJune**
Texas Bar: 12188250
NC Bar: 49025
2401 Fountainview Drive, #312
PMB 2361
Houston, Texas 77057-4008
713.942.9898 Phone
dlejune@triallawyers.net

**NORTH CAROLINA OFFICE**

7 Orchard Street
Suite 200
Asheville, NC 28801
828-774-5800 Office **Attorneys for Plaintiff, David Oppenheimer**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 26, 2023, a true and correct copy of the foregoing instrument, *Plaintiff's Amended Motion for Entry of Default Against Defendants* **together with all Exhibits**, *was served upon Anthony Nguyen, Individually and as Registered Agent for LOP, Inc. via First Class U.S. Mail and Certified Mail, Return Receipt Requested*, as follows:

> Anthony A. Nguyen
> Individually and as Registered Agent for
> LOP, Inc.
> 600 West Campbell Road, Suite 5
> Richardson, Texas  85080
> Certified Mail, Return Receipt Requested
> Item 7021197090002228900815
> and First Class U.S. Mail

/s Dana A. LeJune