UNITED STATES DISTRICTCOURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DAVID GORDON OPPENHEIMER,** § | |
| Plaintiff, § | CA No. 4:22-cv-00358 |
| § | |
| v. § | |
| § | |
| **ANTHONY A. NGUYEN, DBA** § | |
| **MONEY HUSTLER BLOG, and** § | |
| **LOP, INC.,** § | |
| Defendants. § | **JURY DEMANDED** |

**MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS**

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his undersigned counsel, and moves this Court for Default Judgment against Defendants Anthony A. Nguyen and LOP, Inc. and would show as follows:

**I.
BACKGROUND**

Oppenheimer initiated this action against Nguyen and his corporation LOP for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") concerning Oppenheimer's original copyright-protected photograph (the "Work") [ECF 1 ] and Declaration of Dana LeJune [ECF 10-1]. Plaintiff properly served LOP, Inc. and Anthony Nguyen, individually with the Summons, Complaint, and all Exhibits [ECF 5]. On May 18, 2022, Nguyen filed an answer *pro se* for himself [ECF 4]. Plaintiff filed Motions to Strike Nguyen's Original Answer, and for Default [ECF 9-11].

After this court entered its order denying Plaintiff's Motions [ECF 12], on May 4, 2023 Defendant Nguyen filed his "Defendant's Second Answer" *pro se* to the Complaint [ECF 19]. The Court noted in its previous Order [ECF 12] …

> *"The Court docket of this case reflects that no one has appeared on behalf of Defendant LOP, Inc. Defendant's Original Answer (Dkt. #4) was filed by Defendant Anthony Nguyen, with no indication within the answer that it was also filed on behalf of Defendant LOP, Inc."*

"Defendant's Second Answer" changes nothing. As before, nothing in the Court docket or "Defendant's Second Answer" indicates the Answer is filed on behalf of LOP, Inc.. The Defendant's Second Answer still fails to adhere to Fed. R. Civ. P. 8 and is, in fact, non- responsive. Nguyen, as a non-lawyer is not entitled to appear *pro se* for a corporation (LOP, Inc.). The Rules of the United States District Court for the Eastern District of Texas regarding pro se parties are set out on the Court's website, stating in relevant part*:*

> *"The right to appear pro se in a civil case in federal court is contained in a statute, 28 USC §1654. Thus, anyone can appear pro se and anyone who appears before the Court without an attorney is considered pro se. There are , however, certain limitations to self-representation, such as*
> *,        corporations and partnerships must be represented by an attorney…"*

To date, no answer has been filed on behalf of LOP, Inc. The "Defendant's Second Answer" should be stricken. As neither Defendant has timely answered, default should be entered against both Defendants.

## II.
## ARGUMENT

**DEFENDANT'S [NGUYEN'S "SECOND ANSWER IS BOTH NON-RESPONSIVE AND IMPROPER**

Rule 8(b) of the *Federal Rules of Civil Procedure* provides in relevant part that "[i]n responding to a pleading, a party must: . . . (B) admit or deny the allegations asserted

against it by an opposing party." Further, "[a] denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). While a party may submit a general denial in response to a complaint if the party in good faith intends to deny all the allegations of the complaint, the party must otherwise either admit or deny the separate allegations of the complaint. See Fed. R. Civ. P. 8(b)(3).

In his Defendant's Second Answer [ECF 19] instead of adhering to Rule 8 as he was obliged to do, Nguyen has again failed to respond separately to the various allegations set forth in Oppenheimer's Complaint. Without recounting Nguyen's tangential assertions, the Defendant's Second Answer ignores the factual allegations set forth in the Complaint and is basically a general denial which fails to comply with Fed.R.Civ.P. Nguyen's Second Answer cannot be considered the kind of general denial required by Fed. R. Civ. P 8(b)(3) because he cannot and does not deny any of the jurisdictional/venue facts in paragraphs 1 and 2 of the Complaint, nor does he deny the party facts concerning Nguyen and LOP set forth in paragraphs 4 and 5 of the Complaint [ECF 1]. Moreover, while Nguyen proclaims that the photo he used is not the protected work, his "denial" is limited to the allegations that he, individually, "used" the Work, and is silent as to all other allegations [ECF 4]. A *pro se* litigant should not be permitted to skirt Fed.R.Civ.P. or the mandates of the Court. Inasmuch as Nguyen's Second Answer fails to comport with Fed. R.Civ.P. 8, it should be stricken in its entirety,

In the absence of a proper answer, default judgment is appropriate.

**LOP, Inc HAS NOT ANSWERED OPPENHEIMER'S COMPLAINT** LOP, Inc. has failed to file an Answer on its behalf. Defendant's Second Answer [ECF 19] should not be taken to apply to LOP, Inc. on the basis that an individual non-lawyer may not appear *pro* se on behalf of a corporation.

Accordingly, *Defendant LOP, Inc. has failed to answered the Complaint and in the absence of an Answer, default judgment against LOP, Inc. is proper.*

## III.
## CONCLUSION

WHEREFORE, Plaintiff David Oppenheimer requests that the Court grant his Motion and that default be entered by the Clerk against both Defendants for failing to timely and properly answer the lawsuit. Plaintiff prays for such other and further relief as the Court deems just and proper.

**Date:  August 18, 2023**                                                 **LEJUNE LAW FIRM**

By:   *s/ Dana A. LeJune*
       **Dana A. LeJune**
       Texas Bar: 12188250
       NC Bar: 49025
       2401 Fountainview Drive, #312,
       PMB 2301
       Houston, Texas 77057-4008
       713.942.9898 Phone
       dlejune@triallawyers.net

       **NORTH CAROLINA OFFICE:**
       7 Orchard Street, Suite 200
       Asheville, NC 28801
       828.774.5800 Office
       **Attorney for Plaintiff**
       **David Oppenheimer**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 18, 2023, a true and correct copy of the foregoing instrument *Motion for Default Judgment* was served by First Class Mail and e-mail to the address Defendant Nguyen has on file with the Court:

Anthony Nguyen, Individually
600 West Campbell Road, Suite 5
Richardson, Texas   75080
**First Class U.S. Mail**
**e-mail:**       anthonyakalop@gmail.com;
              anthony_aka_lop@yahoo.com;
              hustlermoneyblog@gmail.com

And to LOP, Inc., at the Registered Agent's address:

Anthony Nguyen
Registered Agent for LOP, Inc.
2654 Provencial Lane,
Richardson, Texas   75080
**First Class U.S. Mail**
**e-mail:**       anthonyakalop@gmail.com;
              anthony_aka_lop@yahoo.com;
              hustlermoneyblog@gmail.com

/s Dana A. LeJune